IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:16-CV-02689-K |
| INVESTPIC, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is SAP America, Inc.'s Amended Motion to Find Case Exceptional and Award Fees (Doc. No. 86). After careful consideration of the motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **GRANTS** the Motion because the case stands out from other cases with respect to Investpic, LLC's ("Investpic") litigating position and in the unreasonable manner in which the case was litigated by Investpic.

A district court may find that a patent case is exceptional and award attorney fees to a prevailing party. 35 U.S.C. § 285. A case is exceptional if it stands out from other cases with respect to the substantive strength of a party's litigating position considering both the governing law and the facts of the case or if the case stands out in the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Districts courts may exercise discretion on a case by case basis in determining if a case is exceptional. *Id.* When

making this determination a district court should not apply a precise rule or formula but should consider the totality of the circumstances while exercising equitable discretion. *Id.* A nonexclusive list of factors to consider include frivolousness, motivation, objective unreasonableness as to facts or legal components of the case, and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 1756, n.6.

While it is only required that a case stands out from other cases with respect to the substantive strength of a party's litigating position or stands out in the unreasonable manner in which the case was litigated, SAP asserts that both of these requirements are met. Regarding Investpic's litigating position, SAP asserts that Investpic's litigating position was unreasonable because Investpic should have known that its patent asserted in this case was very likely to be invalidated as being directed toward unpatentable subject matter under 35 U.S.C. § 101 based on case law regarding subject matter eligibility. SAP also asserts that Investpic's ligating position is even more unreasonable because prior to filing this lawsuit Investpic was made very aware of this problem with the claims of the patent by the USPTO, which issued an opinion in a post grant review proceeding in which the USPTO stated that it was very difficult to distinguish the claims of the patent from claims of another patent in which the claims were directed toward unpatentable subject matter.

Regarding SAP's assertion that Investpic litigated this case in an unreasonable manner, SAP asserts that certain individuals with interests in Investpic and the

outcome of this litigation engaged in self help unregulated discovery in this case. SAP alleges that Dr. Varma, the inventor of the patent in suit, and Lee Miller, a coowner of Investpic, approached SAP sales representatives under the guise of another company while this litigation was ongoing for the purpose of collecting infringement information about SAP's products at issue in this litigation. SAP goes on to allege that these actions were possibly taken with the knowledge and direction of Investpic's counsel in this matter. SAP argues that this amounts to an unreasonable manner of litigation which entitles SAP to a finding that this case is exceptional.

The Court agrees with SAP that this case is exceptional considering both Investpic's ligation position in this matter and the manner in which Investpic litigated this matter.

Regarding Investpic's litigation position in this matter, the Court first notes that the patent that was at issue in this litigation was a patent that was duly issued by the USPTO after review of the claims of the patent. Typically, this creates a presumption of validity of the claims of a patent, but this is not necessarily the case in a court's review of a § 101 issue. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 720 (Fed. Cir. 2014) (Mayor, concurring). However, the Court believes that even when a patent is challenged on a § 101 issue, a patent owner should be entitled to rely on the fact that the claims were reviewed and approved by the USPTO and should be allowed to attempt to enforce his or her patent whether this is done by demand for licensing or by enforcement of patent rights in a court. So, the lone fact that a patent

owner asserted patent claims in litigation that ultimately were found to be invalid under § 101 is typically insufficient for finding a case exceptional.

But, this case does stand out from the typical case in which claims of a patent were invalidated by a court. That is because Investpic was specifically warned by the USPTO, in an opinion issued in connection with a post grant review, that it looked very unlikely that these claims were directed toward patentable subject matter and very likely that the claims were invalid. The USPTO did not directly address this subject matter eligibility issue in that opinion because doing so would have been outside the authority of the USPTO for that particular proceeding. Instead the USPTO specifically invited Investpic to address this issue in another post grant review proceeding of the patent being conducted by the USPTO in which there was authority for the subject matter eligibility issue to be addressed. Instead of addressing this issue, after the USPTO created a serious cloud on the of the claims, Investpic ignored it and continued to assert its patent against companies like SAP. Which, eventually lead to the current lawsuit in which SAP sought and received a declaration that the claims of the asserted patent are invalid because they did not address patentable subject matter.

So, considering the totality of the circumstances regarding Investpic's litigation position in this matter, including the facts that the USPTO warned Investpic that the claims were likely invalid, that the USPTO noted that another review of the patent was ongoing and available to review the subject matter issue, that Investpic ignored

this warning and invitation to properly review the issue, and that Investpic instead continued to vigorously attempt to enforce the patent claims the Court finds that Investpic's litigation position in this matter supports a determination that the case is exceptional.

The Court also agrees that this case is exceptional in regards to the manner in which Investpic litigated this matter. While this litigation was on going, Mr. Lee Miller and Dr. Samir Varma, who are both owners of Investpic, reached out to SAP sales people and pretended to be potential purchasers of SAP's product that is in contention in this matter. This was done under the guise of another company, Regulus International Capital Corp. ("Regulus",) which was operated by Mr. Miller. These two engaged in email and phone meetings with SAP's sales people in which they inquired about SAP's product. Those inquires directly related to the infringement contentions at issue in this matter. At the same time, Mr. Miller and Mr. Varma held themselves out to be only employees of Regulus and failed to disclose their relationship with Investpic and their interest in the outcome of this lawsuit. This interaction and pretense continued for at least three months in which Mr. Miller and Mr. Varma continued to gather infringement information about SAP's product for the purpose of using this information in this litigation.

SAP's counsel not aware of that this was going on until they were informed about this by Investpic's counsel. In this conversation, Investpic's counsel informed SAP's counsel of the interactions between Invetpic's owners and SAP sales

representatives. Investpic's counsel also asserted that Investpic intended to use the information in Investpic's motion practice in this case. SAP argues that this amounts to an unreasonable manner of litigating this case, which makes the case exceptional. Investpic argues that this behavior does not make the case exceptional.

The Court is not persuaded by Investpic's arguments that this behavior does not make this case exceptional. Investpic first appears to argue that the because of the ongoing litigation, SAP sales people should have been aware of Mr. Miller's and Mr. Varma's connection to and interest in this case. But, as pointed out by Investpic in other argument, the people being contacted at SAP were sales people. They were not people at SAP that would be expected to understand the details and nature of this case or of the patent asserted in this case. On the other hand, Mr. Miller and Mr. Varma, clearly knew about these issues and details because their inquiries were directed related to the infringement contentions that Investpic asserted in this case. They also clearly knew about these details and issues because of their connection to Investpic. They are both owners of Investpic; Mr. Miller is the operating manager of Investpic; and Dr. Varma is the inventor listed on the patent in suit in this matter.

The Court is also not persuaded by Investpic's argument that this case is not exceptional because it was SAP who initially made contact with Regulus. While SAP's sales force may have initially made contact with Regulus in an attempt to market SAP's products to Regulus, it was Mr. Miller and Mr. Varma who feigned interest in these products while having full knowledge of this litigation. There is no reason to

believe that SAP's sales people would be aware of the connection between Regulus and Investpic and that when they made this initial contact that they were contacting a company closely related to Investpic and this ongoing litigation. It was Mr. Miller and Mr. Varma who, with full knowledge of the situation, took advantage of this contact and pretended to be interested potential purchasers of SAP's products.

SAP also appears to argue that because of the nature of the inquiries, their direct relationship to the infringement issues in this case, and Investpic's counsel's assertions that Invetpic was preparing to use the information in Investpic's motion practice in this matter, that it follows that Investpic's counsel was complicit or at least aware of the actions of Mr. Miller and Mr. Varma. SAP asserts that this rises to the level of a violation of the Texas Rules of Professional Conduct regarding a lawyer's obligation not to communicate or cause or encourage another to communicate with an entity that the lawyer knows is represented by counsel.

The Court disagrees that the record before the Court proves that there was any interaction between the between Investpic's counsel and SAP sales people. The record only indicates that Mr. Miller and Mr. Varma participated in this interaction. SAP's assertion that Investpic's counsel encouraged this interaction is only speculation as to Investpic's counsel's involvement. In addition, because of Mr. Miller's and Mr. Varma's roles at Investpic and knowledge of the patent in issue it is just a likely that Mr. Miller and Mr. Varma had the adequate knowledge to ask questions directly relevant to the issues in this case without input or direction from Investpic's counsel.

Because of this the Court declines to adopt SAP's position that Investpic's counsel knowingly engaged in or directed these communications between Mr. Miller and Mr. Varma and SAP sales people.

But, a strict violation of the rules of conduct is not necessary to find a case exceptional. All that is required is a finding that, considering the totality of the circumstances, the case stands out in the manner in which it was litigated. *Octane Fitness*, 134 S. Ct. at 1756.

Considering the totality of the circumstances, the Court finds that the manner in which Investpic litigated this case and in particular the manner in which Mr. Miller and Mr. Varma conducted self help discovery under a pretense is sufficient to support a finding that this case is exceptional.

SAP argues that the Court should not only hold Investpic liable for attorney's fees but should also join Mr. Miller, Mr. Varma, and Regulus in this matter and hold each of these liable for attorney's fees also. SAP argues that 35 U.S.C § 285 does not limit a court to awarding attorney fees against parties to the litigation but that a court may award those fees against any person or entity that caused the case to be exceptional. According to SAP this means that Mr. Miller, Mr. Varma, and Regulus should all be made parties and the Court should award attorney fees against these two people and the entity jointly with Investpic.

The Court denies SAP's request to join Mr. Miller, Mr. Varma, and Regulus in this matter to hold each individually liable for attorney fees in this matter. While the

Court agrees with SAP that 35 U.S.C. § 285 does not limit the award of attorney fees against parties and that the Court may join these additional people and the entity for the purposes of determining fee liability, the Court declines to do so. The Court believes that, considering Mr. Miller's and Mr. Varma's interest in Investpic, an award of attorney's fees against Investpic alone is sufficient.

In conclusion, the considering the totality of the circumstances regarding Investpic's litigation position in this matter and regarding Investpic's manner of litigating this case, the Court finds that the case is exceptional because it stands out in both of these aspects. So, the Court **GRANTS** SAP's request for recovery of reasonable attorney's fees in this case. The Court **ORDERS** that, pursuant to Federal Rule of Civil Procedure 54(d), SAP must file a motion for recovery of attorneys' fees no later than 14 days after entry of this Order and that Investpic may file a response to the motion within 14 days after the motion is filed.

**SO ORDERED.**

Signed September 7th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE