IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:16-CV-02689-K |
| INVESTPIC, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is SAP America, Inc.'s Amended Motion for Entry of Bill of Costs (Doc. No. 95). After careful consideration of the motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **DENIES** the Motion.

SAP America, Inc. ("SAP") requests that the Court include in its award of costs of court in this matter the expenses incurred by SAP related to the appointment of the Special Master in this case.

The Court denies this request because inclusion of Special Master fees in costs of court is not authorized by statute, rule, or otherwise. A court may only award costs of court expressly set out in 28 U.S.C. §§ 1821 and 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). These sections do not authorize taxation of Special Master fees as costs. 28 U.S.C. §§ 1821; 28 U.S.C. § 1920; *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 914 (11th Cir. 2010).

In addition, the agreed order appointing the Special Master in this case does not state that the Special Master's fee may or will be ultimately taxed as costs against a losing party. Instead, the order states that the fees "shall be divided equally between the parties as directed in the terms of each order approving and Itemized Statement of fees and expenses …." Doc. No. 31 at 5.

For these reasons, the Court finds that there is no basis to tax the costs of the Special Master in this case against Investpic, LLC and the Court **DENIES** the Motion.

**SO ORDERED.**

Signed September 11th, 2017.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE