IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:16-CV-02689-K |
| | § | |
| INVESTPIC, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Investpic, LLC's Motion for Reconsideration (Doc. No. 105). After careful consideration of the motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **DENIES** the Motion.

Investpic, LLC ("Investpic") requests the Court reconsider its Memorandum and Opinion Order (Doc. No. 102) granting SAP America's ("SAP") Motion to Find Case Exceptional and Award Fees (Doc. No 86). Investpic asserts that it's motion should be treated as a motion under FED. R. CIV. P. 59(e).

Rule 59(e) addresses motions to alter or amend a judgment. FED. R. CIV. P. 59(e). Reconsideration of a judgment is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017). A Rule 59(e) motion questions the correctness of a judgment and serves a very narrow purpose of correcting manifest

errors of law or fact or to present newly discovered evidence. *Edionwe*, 860 F.3d at 294. Rehashed evidence and legal theories or arguments and evidence that could have been put forth before entry of a judgment do not support the granting of a Rule 59(e) motion. *Id* at 495. A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Investpic challenges the Court's order finding the case exceptional and awarding attorneys' fees. The exceptional case finding was based on the fact that this case stands out from others in both Investpic's litigating position and the manner in which Investpic litigated the case. Generally, Investpic's weak 35 U.S.C. § 101 ("§ 101") subject matter eligibility position, its notice from the USPTO on this issue, and Investpic's opportunity to address this issue made Investpic's litigating position stand out. As to Investpic's manner of litigating the case, the Court found, generally, that the case stands out from others in relation to some pretense self-help discovery conducted by key people at Investpic.

Investpic has not met its burden to warrant reconsideration of the order finding the case exceptional. Investpic failed to show there is a manifest error of law or fact in the judgment to correct, and failed to present any newly discovered evidence that would change the outcome of the Court's previous order. As for manifest error of law, Investpic rehashes the same arguments originally presented, put forth new arguments that should have previously been presented, and misconstrued

the Court's order to try to show a manifest error in law. As for newly discovered evidence, Investpic ignores the record that was before the Court and presents evidence that is not newly discovered evidence, but is evidence that could have previously been presented.

Investpic argues that there was a manifest error in law because the Court based its decision on a misunderstanding of what type of action was available during a reexamination versus the type of action available in a reissue. Investpic misconstrues the Court's order in an attempt to show that the basis of the Court's order was a misunderstanding of the ability to address § 101 eligibility issues in a reexamination. Review of § 101 issues are not available in a reexamination. *See* 37 C.F.R. 1.906; MPEP § 2658; 37 C.F.R. 1.552; MPEP § 2258. But § 101 eligibility may be reviewed in a reissue. *See* 37 C.F.R. 1.176; MPEP § 1440. The Court was aware of this when it issued the order. The Court was also aware of Investpic's ability to address the § 101 eligibility issue in the pending reissue examination. There is no manifest error of law in the order to correct; the only misunderstanding is Investpic's misconstruction of the Court's previous order.

To make it even more clear that Investpic could have addressed the § 101 issue in the reissue, Investpic itself argues that this is what it did. Investpic argues that it has addressed the § 101 eligibility issue in the reissue and that this negates a finding that the case was exceptional. This is new argument that could have been presented in response to the motion to find the case exceptional. New argument cannot support

granting a Rule 59(e) motion to reconsider. *Simon*, 891 F.2d at 1159. If Investpic wanted this argument and any supporting evidence to be considered in connection to finding this case exceptional, it should have included this in its briefing on the issue.

Investpic also argues that Court's order is irreconcilable with the Supreme Court's *Octane Fitness* standard for finding a case exceptional. Investpic argues that since the Court did not find that an ethical rule was violated, the case cannot be found to be exceptional under the *Octane Fitness* standard. It appears that Investpic is arguing that violation of an ethical rule is required under *Octane Fitness* to find a case exceptional. In *Octane Fitness* the Supreme Court specifically stated that "sanctionable conduct is not the appropriate benchmark" for finding a case exceptional and a "party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC v. ICON Health Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014). Violation of an ethical rule is a type of the independently sanctionable conduct that the Supreme Court specifically stated was not the standard for finding a case exceptional. There is no merit in Investpic's argument that there is manifest error of law because there was no finding of a violation of an ethical rule.

Much of the remainder of Investpic's motion is dedicated to reurging the same arguments that Investpic put forth in its response to SAP's motion to find the case exceptional. A Rule 59(e) motion is not a vehicle for rehashing evidence and

granting a Rule 59(e) motion to reconsider. *Simon*, 891 F.2d at 1159. If Investpic wanted this argument and any supporting evidence to be considered in connection to finding this case exceptional, it should have included this in its briefing on the issue.

Investpic also argues that Court's order is irreconcilable with the Supreme Court's *Octane Fitness* standard for finding a case exceptional. Investpic argues that since the Court did not find that an ethical rule was violated, the case cannot be found to be exceptional under the *Octane Fitness* standard. It appears that Investpic is arguing that violation of an ethical rule is required under *Octane Fitness* to find a case exceptional. In *Octane Fitness* the Supreme Court specifically stated that "sanctionable conduct is not the appropriate benchmark" for finding a case exceptional and a "party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC v. ICON Health Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014). Violation of an ethical rule is a type of the independently sanctionable conduct that the Supreme Court specifically stated was not the standard for finding a case exceptional. There is no merit in Investpic's argument that there is manifest error of law because there was no finding of a violation of an ethical rule.

Much of the remainder of Investpic's motion is dedicated to reurging the same arguments that Investpic put forth in its response to SAP's motion to find the case exceptional. A Rule 59(e) motion is not a vehicle for rehashing evidence and

granting a Rule 59(e) motion to reconsider. *Simon*, 891 F.2d at 1159. If Investpic wanted this argument and any supporting evidence to be considered in connection to finding this case exceptional, it should have included this in its briefing on the issue.

Investpic also argues that Court's order is irreconcilable with the Supreme Court's *Octane Fitness* standard for finding a case exceptional. Investpic argues that since the Court did not find that an ethical rule was violated, the case cannot be found to be exceptional under the *Octane Fitness* standard. It appears that Investpic is arguing that violation of an ethical rule is required under *Octane Fitness* to find a case exceptional. In *Octane Fitness* the Supreme Court specifically stated that "sanctionable conduct is not the appropriate benchmark" for finding a case exceptional and a "party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC v. ICON Health Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014). Violation of an ethical rule is a type of the independently sanctionable conduct that the Supreme Court specifically stated was not the standard for finding a case exceptional. There is no merit in Investpic's argument that there is manifest error of law because there was no finding of a violation of an ethical rule.

Much of the remainder of Investpic's motion is dedicated to reurging the same arguments that Investpic put forth in its response to SAP's motion to find the case exceptional. A Rule 59(e) motion is not a vehicle for rehashing evidence and

arguments. *Edionwe*, 860 F.3d at 294. This does nothing to further Investpic's assertion that it has met its burden in its motion to reconsider.

The Court notes that Investpic also filed multiple supplemental filings in relation to its motion to reconsider. None of Investpic's supplemental filings change the outcome of the Investpic's motion to reconsider. One of these additional filings is the Declaration of Professor Linda Eads, which Investpic referred to in its motion but did not file with its motion because, according to Investpic, "of the schedule of its ethics expert." Even assuming that this declaration was timely filed, it does not change the outcome of Investpic's motion for reconsideration. The declaration generally concerns Ms. Eads' assertion that there is an increasing trend for courts to allow pretexting investigations in litigation situations and that the conduct of Investpic in this case was not unethical. Even if the Court found this declaration persuasive, it is evidence and argument that could have been presented in response to SAP's motion to find the case exceptional and is insufficient to meet Investpic's burden in a Rule 59(e) motion for reconsideration.

One supplemental filing concerns the issuance of the Reexamination Certificates for the related inter partes and ex partes reexaminations. Investpic fails to explain how this affects Investpic's motion for reconsideration.

The final supplemental filing is the recent Federal Circuit decision in *Indus. Models, Inc. v. SNF, Inc.*, No. 2017-1172, 2017 WL 5152159 (Fed. Cir. Nov. 7, 2017). In this case, the Federal Circuit held that it would be an abuse of a district

court's discretion to find a case exceptional and to award attorney fees against a party who did not file claims of patent infringement and only defended an action brought against that party. *Id.* at * 8. Investpic does not explain how this case affects the Court's determination that this case is exceptional. Investpic also does not address the clear significant difference between this case and the situation in *Indus. Models*. Unlike the patent owner in *Indus. Models*, Investpic asserted patent infringement claims against SAP, a declaratory judgment plaintiff; Investpic did not merely defend against the declaratory judgment action filed by SAP.

As a final note, the Court takes notice that the Court's original memorandum opinion and order contained a reference to the opinion of the USPTO that the claims at issue had possible subject matter eligibility problems. The order refers to an opinion of the USPTO, which could be construed as referring to a decision of the USPTO. To be clear, the Court was referring to USPTO's opinion contained in its briefing. An amended memorandum opinion and order will issue to clarify this.

As Investpic has not met its burden to show the Court's order was based on manifest error of law or fact or to present newly discovered evidence, the Court **DENIES** the motion and all relief requested.

**SO ORDERED.**

Signed February 21st, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE