IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:16-CV-02689-K |
| INVESTPIC, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is SAP America, Inc's Motion for Recovery of Attorneys' Fees (Doc. No. 108). After careful consideration of the motion, the response, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **DENIES** the Motion.

SAP America, Inc. ("SAP") filed its motion for recovery of attorney fees in response to the Court finding this case exceptional, awarding recovery of attorney fees to SAP, and authorizing SAP to submit its request for fees and evidence supporting the requested fees. *See* Memorandum Opinion and Order, ECF Doc. No. 102. In its motion SAP requests an award of attorney fees in the amount of $614,568.56. The Court denies SAP's request for fees because SAP has failed to provide the Court with sufficient reliable evidence to show that the requested fees are reasonable and necessary.

In determining an award of attorney fees, a court must first determine a lodestar, which is the reasonable hours expended on the case multiplied by the reasonable hourly rates of the individuals billing for that time. *La. Power & Light Co. v. Kellstrom*, 50 F.3d

319, 324 (5th Cir. 1995). The court then accepts this lodestar amount or adjusts the amount upward or downward depending on the circumstances of the case. *Id.* The applicant for fees has the burden of establishing entitlement to an award of fees, documenting the appropriate hours expended, and the appropriate billing rates. *Id*. The applicant for fees can only meet this burden by presenting adequate evidence to the court so that the court can determine what hours and rates should be used to determine the lodestar. *Id.* The court must not only determine whether or not the total hours claimed are reasonable but must also determine whether particular hours claimed were reasonably expended. *Id* at 325. Vague time entries and time entries that do not illuminate the subject matter of what was done do not assist a court in making a determination that the claimed time was reasonably expended. *Id* at 326. Litigants take their chances when submitting such fee applications. *Id* at 327. To determine reasonable rates, a court considers the attorneys' regular rates as well as the prevailing rates in the area. *Id* at 328. The applicant has the burden to show that rates used in determining the lodestar are reasonable rates, which can be shown through affidavits of the attorneys involved in the case and through affidavits of other attorneys practicing in the relevant area. *Id* at 324; *Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002).

In support of its fee motion, SAP has submitted to the Court the Declaration of Thomas M. Melsheimer, which has attached to it time records and invoices for four law firms employed by SAP in this litigation. In the Melsheimer declaration, Mr. Melsheimer describes his role as lead counsel in this case, describes his educational and legal background, and his understanding of how a court should determine fee awards in this

circuit. Melsheimer Declaration at ¶ 1-5. Mr. Melsheimer also asserts that he has reviewed the billing rates of the attorneys involved and that these rates represent the rates that are routinely charged to and paid by these firm's clients. Melsheimer Declaration at ¶ 8-11. Mr. Melsheimer states that a reasonable lodestar amount for these fee and hours is $6337,507.06, which he reduces by $22,938.50 to come to a total fee request of $612,568.56. Melsheimer Declaration at ¶ 6, 13. He asserts that this amount is extremely reasonable for a patent litigation matter such as this case. Melsheimer Declaration at ¶ 13.

While the evidence provided in the Melsheimer Declration may be some evidence as to the correct number of hours and correct rates to use in determining a lodestar, the Court finds that this evidence is insufficient. Beyond the general statements that the lodestar, hours, and rates are reasonable, Mr. Melsheimer does not provide any information to support these conclusory statements. Mr. Melsheimer does not provide a description of the number of hours and rates that he used to determine his asserted lodestar. Instead, Mr. Melsheimer simply concludes that this lodestar amount is reasonable. The declaration is totally lacking as to any description of the methodology used to calculate the asserted lodestar and how Mr. Melsheimer came to this lodestar is not readily apparent from the submitted invoices.

There is insufficient evidence for the Court to determine the reasonable number of hours to be used in determining the lodestar. The Melsheimer declaration fails to assert the total number of hours claimed. With the exception of the reduction applied by Mr. Melsheimer for individuals who worked less than 10 hours on this matter, he also fails to

explain if all other time included on the invoices is included in his lodestar and was time that was reasonably expended on this matter. Without such evidence, the Court is unable to calculate a lodestar.

Furthermore, the Court notes that upon review of the submitted invoices, many of the time entries are too vague for the Court to determine if this time was reasonably expended on this matter. For example, after redaction some time entries read: "Research re a XXXXXX"; "Research applicability of XXXXXX"; Attention to XXXXXX"; and "Confer with team re XXXXXX". Entries like these are so vague that the Court cannot make a determination that the time claimed was reasonably expended. In certain situations, it might be appropriate for a Court to reduce a lodestar to account for vague entries like this. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). This is not one of those situations because the Court does not know if Mr. Melsheimer's conclusory lodestar includes the time for these entries or if it does not.

The Court also agrees with Investpic's assertion that the method of redacting time entries creates questionability as to the credibility of the time entries on the invoices. In some instances redaction was done using blackout redaction and in other instances redaction was done using white out redactions. This is not unusual when multiple people are working on one project and the Court is not persuaded that this necessarily makes the time entries questionable. What is concerning is that on some invoices it appears that entire entries might have been entirely redacted, which is indicated by large uneven white spaces between the time entries that are presented. *See* Melsheimer Declaration ECF Nos. 109 at 92, 96, 104, 114. While there may be valid explanation as to these white spaces,

the explanation has not been provided to the Court as to how this was accounted for, if it was, in the determination of Mr. Melsheimer's asserted lodestar and how this would relate to the total time and charge presented on these invoices.

There is also insufficient evidence for the Court to make a determination of the reasonableness of the rates charged by the various people who worked on this matter. The Melsheimer Declaration provides information about Mr. Melsheimer's qualifications and experience. This is some indication of what his reasonable hourly rate should be. This is not an indication of what the reasonable rate for all the other individuals involved should be. In his declaration, Mr. Melsheimer is silent as to the background and experience of any of these other people who spent time on this case and what their reasonable rate should be based on that background and experience. Mr. Melsheimer does not even refer to having any particular knowledge of this information or as to the person's role in the matter. This information is also not readily apparent from the submitted invoices. For example, the Winston & Strawn invoices list hourly rates for the people with time entries, which range from $200.00 per hour to 1,100.00 per hour, but they do not give any indication as to if those people are partners, associates, paralegals, or other support staff. Melsheimer Declaration ECF No. 109 at 11-53. The Fish & Richardson invoices suffer from the same problem. Melsheimer Declaration ECF No. 109 at 55-111. The Paul Weiss invoices, on the other hand, suffer from the opposite problem. These invoices identify the roles of the people who worked on the matter, but they do not provide the hourly rates charged by these people. Melsheimer Declaration ECF No.

109 at 113-127. Without further evidence, the Court is unable to determine the reasonableness of the rates charged in this matter.

Since SAP has failed to provide necessary supporting evidence as to the reasonable amount of time and the reasonable rates to be used in a determination of the lodestar, the Court **DENIES** the motion without prejudice.  If SAP chooses to refile its motion for attorneys' fees, any such motion **must be filed within twenty (20) days from the date this Order is signed**.  Any response must be filed within fifteen (15) of the motion being filed.  No reply will be allowed.

**SO ORDERED.**

Signed May 15th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE