IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:16-CV-02689-K |
| INVESTPIC, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is SAP America, Inc.'s Renewed and Supplemental Motion for Recovery of Attorneys' Fees (Doc. No. 133). After careful consideration of the motion, the response, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **GRANTS** the Motion.

SAP America, Inc. ("SAP") originally filed a first motion for recovery of attorney fees in response to the Court finding this case exceptional, awarding recovery of attorney fees to SAP, and authorizing SAP to submit its request for fees and evidence supporting the requested fees. *See* Memorandum Opinion and Order, ECF Doc. No. 102. In this first motion SAP requested an award of attorney fees in the amount of $614,568.56. The Court denied SAP's first request for fees because SAP has failed to provide the Court with sufficient reliable evidence to show that the requested fees are reasonable and necessary. The Court denied this request without prejudice to filing an additional fee request.

The current Motion is SAP's second fee request, which was filed after the Court denied the first motion. In the Motion, SAP ask the Court to award it a total of $939,306.61. This amount includes a renewed request for attorney fees based on work up to the submission of the first fee request. SAP requests that the Court award SAP $564,598.46 for fees incurred in that time period. The Motion also includes a supplemental fee request. In this supplemental request, SAP asks the Court to award it an additional $374,708.15. This amount is for fees incurred between the submission of the first fee request and the current Motion. In addition, while this motion was pending, SAP sought leave to file a supplemental fee request. The Court granted leave to SAP to file this request. In this supplemental fee request, SAP asks the Court to award SAP an additional $365,774.03 in attorney fees. $65,774.03 of this is based on actual fees incurred subsequent to the previous supplement, including time spent successfully defending Investpic's appeal of the Court's ruling regarding invalidity of the claims of the patent in suit in this case. $50,000 of this supplemental portion is an estimated amount to addresses SAP's possible attorney fees if Invest pick sought certiorari of the Federal Circuit's affirmation of the Court's invalidity ruling, and $250,000.00 of the supplement is an estimation of fees that would be incurred if Investpic appeals the Court's ruling finding this case exceptional and the related award of attorney fees.

In the Motion, SAP asserts that the requested fees amounts are appropriate because the amount is less than the lodestar amount based on reasonable and necessary

time spent on the matter and reasonable rates for this time. In the Motion, SAP asserts that the lodestar amount for the initial period up to the submission of the first fee request is $581,781.20, but SAP only requests $564,598.46. SAP asserts that it was actually billed $691,881.46 during this time period. However, in the calculation of the requested amount, SAP has voluntarily removed time entries for all non-attorneys and all attorneys who worked less than 10 hours on the case. According to SAP, this deduction brings the requested fee below the lodestar and no further reduction is necessary based on the *Johnson* factors.

Regarding the first supplement to the fee request, which is included in the Motion, SAP asserts that the requested amount is appropriate because it too is less than the lodestar amount. According to SAP, the lodestar amount for this time period is $415,492.00, but the amount SAP requests that the Court award is $374,708.15. The requested amount for this time period is also based on the amount billed less time entries for all non-attorneys and all attorneys who worked less than 10 hours on the case.

The portion of the second supplemental request based on actual fees incurred, is also, according to SAP less than the lodestar for this time because the same deductions have been applied to the actual amounts billed. During this time period, the amount billed to SAP was $68,579.53 and the requested amount is $65.774.03.

Investpic argues that the requested fees for all time periods are unreasonable because the time used to calculate the fees is not properly limited and the rates charged

by the attorneys are excessive and unsupported by the evidence as being reasonable. Regarding the amount of time included in the fee calculation, Investpic first argues that the fee award should be limited to the fees incurred in relation to the Court finding this case exceptional. According to Investpic, this limits the fee award to the hours SAP spent addressing invalidity issues under 35 U.S.C. §101 and a discovery issue in this case, which were the reasons that the Court found the case exceptional. Investpic argues that if the Court does not limit the fee award to time related to issues which supported finding this case exceptional, the fee award should at least not include time related to SAP's declaratory judgment cause of action seeking a declaration of non-infringement.

Investpic also asserts, in the alternative, that, if the Court did not agree with Investpic's request to limit the fee award to the exceptional findings of the case, the time used to calculate the fee award should at least not include the time SAP's attorneys worked addressing PTO proceedings and time related to SAP's first fee motion because this time was not reasonable and necessary.

Investpic also argues that the requested fee is excessive because the hourly rates charged by SAP's attorneys, which range from $745.00 – $1,175.00 per hour for partners and from $405.00 – $650.00 for associates, are excessive and are not supported by the evidence. Investpic argues that these hourly rates should be reduced to reasonable hourly rates considering the nature of the case and the rates charge within the Dallas-Fort Worth area.

Regarding SAP's supplemental requests for fees, the Court agree with SAP that it is entitled to recover fees incurred after the submission of the SAP's first fee request, including fees incurred in the appeal of this case. The fees, however, should be based on actual fees incurred, and the Court declines to award SAP prospective fees based on possible future appeals of this case.

In determining an award of attorney fees, a court must first determine a lodestar, which is the reasonable hours expended on the case multiplied by the reasonable hourly rates of the individuals billing for that time. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court then accepts this lodestar amount or adjusts the amount upward or downward depending on the circumstances of the case. *Id.* The applicant for fees has the burden of establishing entitlement to an award of fees, documenting the appropriate hours expended, and the appropriate billing rates. *Id*. The applicant for fees can only meet this burden by presenting adequate evidence to the court so that the court can determine what hours and rates should be used to determine the lodestar. *Id.* The court must not only determine whether or not the total hours claimed are reasonable but must also determine whether particular hours claimed were reasonably expended. *Id* at 325. Vague time entries and time entries that do not illuminate the subject matter of what was done do not assist a court in making a determination that the claimed time was reasonably expended. *Id* at 326. Litigants take their chances when submitting such fee applications. *Id* at 327. To determine reasonable rates, a court considers the attorneys' regular rates as well as the prevailing

rates in the area. *Id* at 328. The applicant has the burden to show that rates used in determining the lodestar are reasonable rates, which can be shown through affidavits of the attorneys involved in the case and through affidavits of other attorneys practicing in the relevant area. *Id* at 324; *Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002).

The Court first addresses Investpic's argument that the fee award should be limited to the fees incurred that are related to the activities that the Court used to find this case exceptional. According to Investpic, the time used to determine the fee award should be limited to the time that SAP's attorneys worked on §101 invalidity issues and on the discovery issue, which where the two grounds for finding this case exceptional. According to Investpic, this amounts to 302.2 hours of total attorney time out of 1,347.8 hours used by SAP in its fee request.

The Court disagrees with Investpic that the fee award must be limited to fees incurred in relation to the facts and pleadings which the Court used to find this case exceptional. A court may find a patent case exceptional and award attorney fees to the prevailing party. 35 U.S.C. §285. A case is exceptional when it stands out from others with respect to the substantive strength of a party's litigation position or in the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

An award for fees under 35 U.S.C. § 285 is not governed by the "exacting standards as a sanction under the Federal Rules of Civil Procedure, Rule 37(b). *In re*

*Rembrandt Tech. LP Patent Litig.*, No. 2017-1784, 2018 WL 3862644, at *19 (Fed. Cir. Jul. 27, 2018). A court may make an award of all of the reasonable and necessary fees in a case, considering the circumstances of the case. *Id.* at *19; *Large Audience Display Sys. v. Tennman Prod., LLC*, No. 2017-2266, 2018 WL 3993299, at *3-4 (Fed. Cir. Aug. 20, 2018). "In run-of-the-mill patent infringement cases involving a few patents and a couple of defendants, a finding of pervasive misbehavior or inequitable conduct that affects all of the patents in suit may justify an award of all of the fees incurred." *In re Rembrandt*, 2018 WL 3862644 at *19. However, there must be some relation between the amount of the award and the extent of the conduct that made the case exceptional. *Id.* The district court should, to the extent possible, make findings of fact and explain the causal connection between the fee award and the activity that made the case exceptional. *Id.*

In this case, one of the reasons that the Court found this case exceptional was Investpic's unusually weak validity position under 35 U.S.C. § 101. The Federal Circuit has affirmed the Court's § 101 invalidity order. This was first affirmed by a three-judge panel decision. After a request for rehearing, the panel issued a substitute order, which again affirmed the Court's § 101 ruling. And finally, Investpic's request for rehearing en banc was denied. From this Court's orders and the subsequent actions on this case by the Federal Circuit, Investpic's weak § 101 validity position is readily apparent. Had Investpic, fully and fairly analyzed it position § 101 position, it would not have been necessary for SAP to file this lawsuit to seek a declaratory judgment that the claims of

the patent in suit were invalid. Investpic's threats of suit against SAP combined with Investpic's failure to recognize the weaknesses in its § 101 position therefore led SAP to incur all of the reasonable and necessary fees incurred in this case. For this reason, the Court finds that this is the type of case in which an award of all reasonable and necessary attorney fees is appropriate.

To determine the loadstar amount, the Court starts with a review of the time claimed in the fee request. In the fee request, SAP has already removed all non-attorney time and all time for attorneys who worked on this case less than 10 hours. This reduction is voluntarily and goes a long way in ensuring that the claimed time used to calculate the fee request was reasonable and necessary.

The Court notes, however, that a number of the time entries in the supporting documentation are for time that was not reasonable or necessary for this case. These include time related to the preparation of a distinct USPTO filing and for preparation of SAP's first fee motion.

The supporting billing records for the fee motion show that a number of hours used to calculate the total fee request were not directly related to issues pending in this case and were instead related to proceedings occurring or ones that SAP was possibly planning to initiate at the PTO. These include *inter parte* and *ex parte* reexaminations related to the patent in suit. This also includes time that SAP's attorney worked on drafting a petition for a covered business method review. Presumably this petition relates to the patent in suit in this case, but SAP never filed the petition.

Regarding the time entries related to the reexaminations, the Court has reviewed these time entries and finds the time reasonable and necessary for preparation of this case. While, SAP was not a party to these proceedings, it is reasonable for SAP's attorneys to spend at least some time reviewing the issues presented in the reexaminations and how this affects SAP's positions in this case. This is what these time entries appear to be, and are properly included in calculation of the lodestar.

Regarding the time entries related to SAP's preparation of a covered business method petition, these are not reasonable or necessary fees to include in the lodestar calculation. A petition for a covered business method review is an entirely different proceeding than this case, even if the patent at issue is the covered business method review is the same as the patent in suit. Work on pursing this review was not reasonable or necessary for SAP to pursue its assertions and positions in this case. For this reason, the Court excludes the time entries related to preparation of the covered business review petition from the lodestar calculation.

The Court has reviewed the time entries and identified 105.1 hours that are indicated as being related to the covered business review petition. In determining the total amount of hours to exclude based on the covered business method petition, the Court has examined the supporting invoices and removed all time entries that refer to the covered business method petition. The Court notes that some of these entries are block billed and contain references to other work that appears unrelated to the covered business method petition, but the Court has removed all of this time because it is

impossible to determine what portion of this time is related to the covered business method petition and what time is not.

The Court also agrees with Investpic that SAP should not be allowed to recoup the costs related to SAP's original fee motion. The Court denied this fee motion because SAP's supporting documentation and evidence was insufficient. The time preparing an improperly supported fee motion is not reasonable or necessary. SAP's invoices indicate that SAP's attorney spent 23.3 hours on that fee motion. Therefore, the Court excludes this time from the lodestar calculation.

The reduced hours included the following reductions at the relevant billed rates:

| Attorney | Hours for CBM | Hours for First Fee Motion | Billed Rate |
| --- | --- | --- | --- |
| Katherine Vidal | 1.60 | | 935.00 |
| | | 0.70 | 960.00 |
| Michael Bittner | 5.10 | | 795.00 |
| | | 17.10 | 780.00 |
| Steven Baughman | 22.70 | | 1144.00 |
| Thomas Melsheimer | | 5.50 | 1100.00 |
| Ricardo Bonilla | 19.70 | | 650.00 |
| Theresa Dawson | 56.00 | | 405.00 |

The Court now turns to the second requirement in determining the lodestar, which is the determination of reasonable rates of the attorneys.

SAP asserts that the rates normally charged by their attorneys are reasonable rates. The rates range from $745.00 – $1,175.00 per hour for partners to $405.00 –

$650.00 per hour for associates. In support of these rates, SAP includes affidvits of two of its attorneys, in which the attorneys state the claimed rates are the rates that these attorneys routinely charge and are paid for this type of case and that the attorney working on the case have expierence that justifies the rates charged by these attorneys. SAP also includes a 2017 AILPA survery report regarding fees charged by attorneys for this type of work.

Investpic responds that SAP has failed to prove that the claimed rates are reasonable because the only attorney's providing evidence of reasonable rates are SAP's own attorneys, who are self-interested, and the 2017 AILPA report does not properly break out the rates charged in the Dallas-Fort Worth area. SAP also points out that, even if the AILPA report was indicative of rates customarily charged, the claimed rates are at the extreme high end of the rates of the AILPA report. Investpic argues that the rates should be significantly reduced to $528 per hour for partners and $415 per hour for associates, which Investpic argues are the median rates of the AILPA report. Investpic also includes, in support of this reduction, a 2015 Fact Sheet produced by the Texas State Bar, which indicates that the median rate of attorneys in the Dallas-Fort Worth metroplex, which is $370.00 per hour, is substantially lower that even Investpic's proposed reduced rates.

The Court agrees that the claimed rates of SAP's attorneys are excessive or at least that the evidence provided does not support an award based on rates that are on the extreme end of rates charged by attorneys for this type of work. The AIPLA report

indicates that in 2016 the 90th percentile rate for intellectual property partners in Texas was $900.00, while the median was $528.00. SAP request fees for 6 partners that worked on this case. The rates of 5 out of 6 of these partners are above this 90th percentile rate. The fifth partner charged rates ranging from $740.00 to $820.00 per hour, which is closer to the third quartile rate. SAP's fee request also includes time for four associate attorneys. One of the associates charges $405.00 per hour, which is close to the median of $415.00 per hour; one associate charges $560.00 per hour, which is near the 75th percentile of $565.00 per hour; and the last two associates charge $605.00 and $650.00 per hour, which are closer to the 90th percentile of $682.00 per hour.

It is very clear the SAP's attorneys in this case are charging rates that are on the high side of the AILPA reported rates. In the case of partners, these are on the extreme high side, and in the case of associates, these are higher than median rates overall.

The Court finds that the evidence to support such high rates is insufficient. In support of the fee motion, SAP included affidavit evidence as to the experience and qualifications of the partners and associates. While this evidence is sufficient to show that these lawyers have the experience with litigation of intellectual properties case, it does not show that a reasonable rate for these attorneys is a rate at or exceeding the highest rates charged by intellectual property lawyers in Texas. This is particularly true for the partner rates, since these rates are almost all above the 90th percentile of the AIPLA report.

Lacking more support for these rates, the Court finds that a reduction in the fees charged by SAP's attorneys is appropriate. A district court may use its own experience when determining reasonable rates to use in a fee award. *Bagby Land & Cattle Co. v. Cal. Livestock Comm'n Co.*, 439 F.2d 315, 318 (5th Cir. 1971); *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980).

The Court reduces the fees of all partners by thirty five percent. This reduces the rates for these partners from a range of $745.00 – $1,175.00 per hour to $484.25 – $757.25. The Court notes that the reduced rates are still more than sufficient compensation for expierenced intellectual property lawyers in Texas because the rates for five out of six of these attorneys are still between the median and 75th percentile rates of the AIPLA report and the reduced rates are substantially higher than the rates for attorneys in the Dallas Fort Worth area that are reported in the State Bar of Texas 2015 Hourly Fact Sheet.

Regarding the asscociate fees, these rates are not generally as far above the typical rates shown in the AILPA report as those of the partners. Therefore a smaller reduction is needed to bring these rates to reasonable rates based on the evidence before the Court. The Court reduces the rates of SAP's associate attorneys by fifteen percent. This brings the rates for these attorneys from a range of $405.00 – $650.00 to $243.00 – $520.00 per hour.

Using the reasonable and necessary time and hourly rates the Court determines the lodestar to be $679,420.46 and calculated as follows:

| Attorney | Reduced Hours | Reduced Rate | Total Fees |
|---|---:|---:|---:|
| Katherine Vidal | 8.30 | $607.75 | $5,044.33 |
| | 79.10 | $624.00 | $49,358.40 |
| | 101.50 | $663.00 | $67,294.50 |
| | 7.50 | $663.00 | $4,972.50 |
| Michael Bittner | 86.20 | $484.25 | $41,742.35 |
| | 56.50 | $516.75 | $29,196.38 |
| | 252.70 | $507.00 | $128,118.90 |
| | 70.00 | $533.00 | $37,310.00 |
| | 47.10 | $533.00 | $25,104.30 |
| Steven Baughman | 2.90 | $630.50 | $1,828.45 |
| | 30.60 | $743.60 | $22,754.16 |
| Thomas Melsheimer | 6.50 | $617.50 | $4,013.75 |
| | 1.00 | $763.75 | $763.75 |
| | 20.80 | $715.00 | $14,872.00 |
| | 23.00 | $757.25 | $17,416.75 |
| | 13.10 | $757.25 | $9,919.98 |
| Ricardo Bonilla | 42.50 | $497.25 | $21,133.13 |
| | 53.70 | $552.50 | $29,669.25 |
| Theresa Dawson | 154.60 | $344.25 | $53,221.05 |
| Vivek Krishnan | 113.70 | $476.00 | $54,121.20 |
| Andrew Sommer | 17.70 | $604.50 | $10,699.65 |
| Ilan Wurman | 39.90 | $514.25 | $20,518.58 |
| | 0.70 | $573.75 | $401.63 |
| Steffen Johnson | 31.00 | $598.00 | $18,538.00 |
| | 0.70 | $633.75 | $443.63 |
| | 17.30 | $633.75 | $10,963.88 |

**Lodestar = $679,420.46**

The final step in determining the fee award is to adjsut the lodestar according to according to the *Johnson* factors. *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999). These factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill required to perform the legal services properly; 4) the preclusion of other empoyment by the attorney due to the accpetance of the case; 5) the customery fee; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the nature and the length of the professional relationship with the client; and 11) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

The Court finds that no upward or downward adjustment to the lodestar is necessary based on the *Johnson* factors. The parties do not present any specific argument as to why the lodestar should be adjusted upward or downward or any suggested adjustment. At the most, both parties argue that the considerations of the *Johnson* factors are subsumed into the determination of the lodestar based on reasonable and necessary time and rates. The Court agrees and declines to adjust the lodestar based on the *Johnson* factors.

The Court therefore **GRANTS** SAP's request for an award of attorney fees incurred in this matter in the amount of $679,420.46. The Court **DENIES** all other requested relief.

**SO ORDERED.**

Signed December 4th, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE