## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civ. Action No. 3:16-CV-02689-K |
| | § | |
| INVESTPIC, LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff SAP America, Inc.'s Rule 60(b) Motion For Joinder of Parties (the "Motion") (Doc. No. 182); Defendant InvestPic, LLC's Opposition To SAP America, Inc.'s Rule 60(b) Motion For Joinder of Parties (Doc. No. 188); and Plaintiff SAP America, Inc.'s Reply In Support of Its Rule 60(b) Motion and Motion For Joinder Of Parties. After careful consideration of the Motion and responsive briefing, the pleadings, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **GRANTS in part and DENIES in part** the Motion.

### I.    Procedural Background

This is a patent litigation matter in which Plaintiff SAP America, Inc. ("SAP") sought declaratory judgment that SAP did not infringe a certain United States patent owned by Defendant InvestPic, LLC ("InvestPic") and that the patent was invalid. InvestPic filed counterclaims for patent infringement. During the course of the litigation, SAP filed a motion for judgment on the pleadings in which it asserted that

all of the claims of the patent-in-suit were invalid because they did not meet the subject matter requirements of 35 U.S.C. § 101. The Court agreed with SAP and issued a memorandum opinion and order granting SAP's motion and invalidating all of the claims of the patent-in-suit.  *See* Doc. No. 78.  The Court concurrently issued a final judgment dismissing with prejudice InvestPic's patent-in-suit claims.  *See* Doc. No. 79. InvestPic appealed the Court's memorandum opinion and final judgment to the United States Court of Appeals for the Federal Circuit ("Federal Circuit").

While the case was on appeal, SAP filed a motion requesting that the Court find this case exceptional under 35 U.S.C. § 285 and award SAP reasonable and necessary attorneys' fees incurred in this matter. The Court agreed with SAP, found the case exceptional, and awarded reasonable and necessary attorneys' fees incurred by SAP in this matter.  *See* Doc. Nos. 102, 127, 128, 131, 164. InvestPic appealed the Court's memorandum opinions and orders finding the case exceptional as well as awarding attorneys' fees to the Federal Circuit.

The Federal Circuit affirmed this Court in all respects.  *See* Doc. Nos. 139, 158, 161, 178, 181.

## II.    Legal Standards

### A.    Relief from a Final Judgment—Rule 60(b) Motion

Federal Rule of Civil Procedure 60(b) sets forth the grounds upon which a court may grant relief from a final judgment, order or proceeding:

> On a motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the
> following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence,
>> could not have been discovered in time to move for a new trial
>> under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic),
>> misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is
>> based on an earlier judgment that has been reversed or vacated;
>> or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). As Rule 60(b) "is procedural in nature and not unique to patent law", the Federal Circuit "generally defer[s] to the law of the regional circuit in which the district court sits" when it reviews a district court's determination of a Rule 60(b) motion unless it "turns on substantive issues unique to patent law." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1292-93 (Fed. Cir. 2013). This Court's ruling does not turn on substantive areas of patent law; therefore, the Court sets forth the Fifth Circuit's legal standards regarding Rule 60(b) motions.

The Fifth Circuit has emphasized that the concepts of justice and equity should drive the decision to set aside a previous judgment and that the decision is directed to the sound judgment of the district court. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401-02 (5th Cir. 1981). "Rule 60(b) is 'a grand reservoir of equitable power to do justice in a particular case,' that may be tapped by the district court" in exercising its discretion." *Id.* at 402 (quoting *Menier v. United States*, 405 F.2d 245, 248 (5th Cir. 1968)). This rule inherently is intended to balance the finality of judgments with the "'incessant

command of the court's conscience that justice be done in light of all the facts.'" *Id.* at 401 (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 766 (5th Cir.)*, cert. denied*, 399 U.S. 927 (1970)).

To set aside a final judgment under Rule 60(b)(2), a movant must show that 1) it exercised diligence in obtaining the newly discovered evidence that is the basis of the motion and 2) the newly discovered evidence is material and would have produced a different result. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).

To set aside a final judgment under Rule 60(b)(3), a movant must show that 1) the adverse party engaged in fraud or other misconduct, and 2) the fraud or misconduct prevented the moving party from fully and fairly presenting its case. *Id.* at 641.

Rule 60(b)(6) provides broad equitable powers to a court to set aside a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6); *see id.* at 642. This equitable power permits the court "to do justice in a particular case when relief is not warranted" under any other clause of Rule 60(b). *Id.* at 642 (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992)).

In addition, the Fifth Circuit has set forth several factors for a court to consider in deciding a Rule 60(b) motion: "(1) [t]hat final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was default or a dismissal in which there was no consideration of the merits the interest

in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits where the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack." *Seven Elves*, 635 F.2d at 402.

### B.  Joinder of Parties

Federal Rules of Civil Procedure 19 and 20 govern the joinder of parties to a matter. FED. R. CIV. P. 19 & 20. Rule 19 governs mandatory joinder, and Rule 20 governs permissive joinder. Under Rule 19, a person must be joined, if feasible, where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). Addressing permissive joinder, Rule 20 provides in relevant part that,

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

## III.    Legal Analysis

### A.    SAP's Motion

In the Motion before the Court now, SAP asserts that: it has been unable to collect the judgment for attorneys' fees awarded against InvestPic; post-judgment discovery indicates that InvestPic is a sham or shell operation with practically no assets; certain people and entities associated with InvestPic are the true actors who made this case exceptional; and those people and entities should be joined in this litigation so SAP can attempt to prove their liability for the attorneys' fee award against InvestPic. To this end, SAP moves the Court to set aside the previous judgment, reopen the case, and allow SAP to replead to include relevant allegations against these other individuals and entities.

SAP argues that the Court can and should reopen this case under the authority granted to the Court under Rule 60(b). SAP asserts three grounds for reopening this case: (1) newly discovered evidence, which is addressed by Rule 60(b)(2); (2) fraud or misconduct, which is addressed by Rule 60(b)(3); and (3) a general catch-all provision, Rule 60(b)(6), that allows for reopening a case for any reason that justifies the relief.

Regarding SAP's assertion that the Court should set aside the judgment based on newly discovered evidence, SAP contends that it discovered through post-judgment discovery that InvestPic is judgment-proof and was operated as a shell company. In

addition, SAP points out that in its motion to find this case exceptional and to award attorneys' fees, SAP requested that two primary individuals associated with InvestPic also be held liable for the attorneys' fees. The Court denied the requested relief on the belief that an award against InvestPic was sufficient, since the two individuals held an ownership interest in InvestPic. According to SAP, this new evidence supports setting aside the Court's judgment because an award against a shell company for attorneys' fees circumvents the purpose and intent of 35 U.S.C. § 285 and, if the new evidence had been available at the time the Court ruled on the motion to find the case exceptional, the result likely would have been different.

As for setting aside the judgment based on fraud or misconduct, SAP asserts that InvestPic and the individuals associated with InvestPic engaged in misconduct during the course of this litigation. SAP appears to argue that, since InvestPic was an underfunded shell company, the people associated with InvestPic could freely engage in this litigation with an unreasonable litigation position or unacceptable litigation behavior without fear of liability as any award of fees would be against a judgment-proof shell company. This, SAP asserts, in effect negates the statutory effect and purpose of § 285.

Finally, SAP asserts the general catch-all provision of Rule 60(b)(6) allows this Court to set aside the judgment for any number of reasons that justifies relief. In this case, SAP asserts that it is simply unjust and inequitable to allow InvestPic and the people associated with InvestPic to set up a shell company; engage in litigation in a

manner that makes a case exceptional without fear; and to escape all liability for their actions because the company that is the party to the litigation is judgment-proof, while the actual actors that chose to make the case exceptional are insulated from liability by the structure of the company.

In the Motion, SAP asserts that a number of individuals and entities are responsible for the actions that made this case exceptional and that these individuals and entities should be joined in this case so SAP can attempt to prove its case against them. SAP argues the following individuals and entities with an ownership interest in InvestPic should be joined to this case: Regulus International Capital, LLC; ISPD, Inc.; the S.A.M. 2000 Irrevocable Trust; Dr. Samir Varma; the Estate of Lee Miller; and Clara Miller. SAP also asserts that Dr. Samir Varma and Lee Miller were key actors at InvestPic who should also be joined based on the allegation that they were making the choices that made this case exceptional. Since Lee Miller is now deceased, the claim would be asserted against the Estate of Lee Miller. SAP then goes on to argue that the law firm of InvestPic's attorneys in this case, Shore Chan De Pumpo LLP, should also be joined as a defendant because InvestPic's attorneys were complicit in the actions that made this case exceptional.

### B.    InvestPic's Response

In response to the Motion, InvestPic argues that the Court should not set aside the judgment and reopen this case because SAP is unable to meet the requirements of Rule 60(b) on any of the asserted grounds for reopening the case. As for newly

discovered evidence under Rule 60(b)(2), InvestPic argues that had SAP exercised due diligence, it could have discovered this evidence long before it actually did. Regarding fraud or misconduct under Rule 60(b)(3), InvestPic argues that SAP cannot show any conduct or misrepresentations in support of this because the allegations are highly speculative. InvestPic also argues that SAP cannot show that it is seeking to obtain protection from a party that prevailed in the matter by using unfair means. Finally, as for other equitable reasons under Rule 60(b)(6), InvestPic argues that SAP cannot show it is entitled to this relief as it is an extraordinary remedy to be used sparingly when other grounds are not available and SAP's alleged factual support for setting aside the judgment under Rule 60(b)(6) is simply a rehashing of what it has presented in relation to Rule (60)(b)(2) and Rule 60(b)(3).

InvestPic also argues that the relief SAP seeks would violate the due process of the individuals and entities that SAP seeks to hold liable for the attorneys' fee award in this case. InvestPic contends that SAP seeks to have the new parties simultaneously joined in this matter and held liable for the previously awarded judgment. Doing so, according to InvestPic, would violate the due process rights of these new parties because they would not receive a fair opportunity to defend themselves against SAP's allegations.

C.    **Application of Federal Rule of Civil Procedure 60(b)**

1.    **Newly Discovered Evidence—Rule 60(b)(2)**

SAP asserts that it discovered new evidence in post-judgment discovery. First, SAP submits that InvestPic has less than $700.00 in its bank account and no other substantial assets. *See* App. in Support ("App.")(Doc. No. 183) at 15-17, 20.  SAP also suggests that InvestPic refuses to show that it was ever properly funded. *Id.* at 24-29, 31-33, 41. Additionally, SAP asserts that InvestPic's banking transactions consist of "loans" from its members that only sufficiently cover InvestPic's expenses. *Id* at 15-17, 20, 43-44. SAP also points to the physical address for InvestPic being the same physical address as the law firm of the attorneys who represent InvestPic in this matter. *Id.* at 11, 48.  Finally, SAP points to InvestPic's refusal to comply with the Court's final judgment.

The Court finds that SAP has satisfied the requirements for setting aside the final judgment of the Court based on newly discovered evidence, specifically the post-judgment discovery of InvestPic's banking and transactional patterns and history. To set aside a final judgment under Rule 60(b)(2), a movant must show that 1) it exercised diligence in obtaining the newly discovered evidence that is the basis of the motion and 2) the newly discovered evidence is material and would have produced a different result. *Hesling*, 396 F.3d at 639.

In the course of post-judgment discovery, SAP discovered that InvestPic keeps a near zero balance in its bank accounts at practically all times. App. at 15-17, 20, 43-

44. This same discovery also revealed that when InvestPic had or expected expenses, its members would "loan" InvestPic an amount of money that was sufficient to cover those expenses. *Id.* The money would be deposited into InvestPic's bank account and almost immediately be withdrawn as payment for those expenses. *Id.* The money would go in and out of InvestPic's account so quickly that InvestPic's bank account balance remained essentially at zero. *Id.*

This post-judgment evidence indicates that InvestPic is a sham or shell entity that is designed and intended to avoid liability. Allowing a party to purposefully use a shell company to pursue patent infringement claims unacceptably circumvents that attorney fee provisions of § 285. *Iris Connex, LLC v. Dell, Inc.*, 235 F.Supp.3d 826, 845-46 (E.D. Tex. 2017); *see also Ohio Cellular Prods. Corp. v. Adams USA, Inc.*, 175 F.3d 1343, 1349 (Fed. Cir. 1999). With InvestPic owning essentially no assets and maintaining a near-zero balance in its bank account, the members of InvestPic made InvestPic judgment-proof and insulated themselves from any liability caused by their actions. In particular, this arrangement allowed InvestPic and the actors controlling InvestPic to act in a manner that made this case exceptional, without any fear of liability for their actions. InvestPic's refusal to provide proof that InvestPic was ever properly funded also indicates that InvestPic is a shell company.

The Court has considered the other alleged newly discovered evidence and finds that this evidence does not meet the requirements of Rule 60(b)(2). This includes the assertion that InvestPic refuses "to comply with the Court's judgment" and that

InvestPic has the same address as Shore Chan De Pumpo LLP. It is not unusual for a party with a judgment against it to not want to pay that judgment. Regarding the address issue, this is information that was publicly available during the course of this litigation which SAP could have discovered with due diligence.

Even though some of the newly presented evidence does not support setting aside the Court's final judgment, the newly discovered evidence as to the banking and financial information is more than sufficient to meet SAP's burden with respect to setting aside the judgment. Furthermore, this evidence was not discoverable until after the Court entered its final judgment because InvestPic's banking and financial information was not relevant to whether or not SAP infringed InvestPic's patent or if the claims of that patent were invalid. Additionally, SAP exercised due diligence in obtaining this information because the information was not publicly available and was not relevant to the issues pending in the case at that time. SAP promptly requested the information from InvestPic once SAP was entitled to discover the information.

The information is also material and likely would have changed the outcome in this litigation. In its motion to find this case exceptional, SAP asked the Court to hold Dr. Samir Varma and Lee Miller along with InvestPic liable for the attorneys' fees incurred in this case. *See* Doc. Nos. 102, 127, 128, 131, 164. SAP provided authority supporting an award of attorneys' fees, when a case is found exceptional under § 285, against not only the named parties to the action but also the real parties whose conduct made the case exceptional, with proper respect to the due process rights of those parties.

*See Ohio Cellular Prods.*, 175 F.3d at 1349. The Court, in its order finding the case exceptional, declined to award fees against these individuals or to join them in the case at that time because the individuals were believed to be the primary stakeholders in InvestPic and a judgment against InvestPic alone would flow through to these individuals via their interest in InvestPic, its assets, and its funding. *See* Mem. Op. & Order (Doc. No. 164). This newly discovered evidence shows that this was incorrect. It is also material evidence to the issue of whether or not these individuals can and should be held liable for SAP attorney fees incurred in this matter under § 285.

The Court's conclusion that the final judgment should be set aside is also consistent with the factors set forth by the Fifth Circuit. *See Seven Elves*, 635 F.2d at 402. Of those factors the Court takes into consideration, factors 2, 3, 4, 6, and 8 support setting aside the judgment, with factors 3 and 8 being of particular importance in this matter. Factor 3 is that the rule should be liberally construed in order to achieve substantial justice and factor 8 is any other factors relevant to the justice of the judgment. *Id.* at 401-02. Allowing the judgment to stand would result in SAP being unable to obtain substantial justice in this matter. In addition, if the Court does not set aside the judgment, InvestPic and others related to it would be able to circumvent the purpose and effect of § 285. *See Iris Connex*, 235 F.Supp.3d at 845-46.

Factor 2 is that the motion is not used as a substitute for appeal and factor 4 is that the motion is timely. *Seven Elves*, 635 F.2d at 401-02. Both of these factors support setting aside the judgment in this case since SAP's Motion was timely and does not

raise issues that should have been raised on appeal. Factor 6 is that the movant had a fair opportunity to obtain a judgment on the merits. *Id.* This factor also supports setting aside the judgment in this case. When SAP requested that the case be found exceptional, it also requested that Dr. Samir Varna and Lee Miller be held liable for these fees. *See* Doc. Nos. 102, 127, 128, 131, 164. The Court declined to grant the requested relief because the Court understood that a judgment against InvestPic would flow through to these two owners of InvestPic. *See* Doc. No. 164. The new evidence now shows that this was incorrect and SAP did not obtain a fair judgment on the merits on this issue.

Factor 5, which relates to default judgments, and factor 7, which relates to intervening equities, are not relevant to this particular matter. Factor 1 is that final judgments should not lightly be disturbed. *Seven Elves*, 635 F.2d at 401-02. This factor weighs against setting aside the judgment. Even though factor 1 supports denial of the motion and preserving the judgment, this factor is far outweighed by the remaining factors the Court has considered for all the foregoing reasons. In total, the goal of achieving substantial justice outweighs the preservation of the judgment.

## 2. Fraud, misrepresentation, or misconduct—Rule 60(b)(3)

The Court finds that SAP has not met the requirements for setting aside the Court's judgment under Rule 60(b)(3), which requires a showing of fraud, misrepresentation, or misconduct. In support of its assertion that InvestPic engaged in such conduct, SAP submits the same assertions as in its argument to set aside the

judgment based on newly discovered evidence, which is that InvestPic is an under-funded company which allowed the parties controlling InvestPic to take the actions that made this case exceptional. SAP contends that this amounts to "wrongful conduct" under Rule 60(b)(3). The Court disagrees that this rises to the level of fraud, misrepresentation, or misconduct contemplated by Rule 60(b)(3), especially in light of the fact that the Court agrees the judgment should be set aside under Rule 60(b)(2) based on the same newly discovered evidence. Furthermore, there is no evidence that, during the course of this case prior to entry of the judgment, InvestPic misrepresented its financial state or ever asserted that it was not judgment-proof, which would rise to the level of fraud or misrepresentation required by Rule 60(b)(3).

### 3.    Any other reason justifying relief—Rule 60(b)(6)

The Court agrees with SAP that the previous judgment should be set aside under Rule 60(b)(2). Since relief is available to SAP under another part of Rule 60(b), it is unnecessary for the Court to exercise its equitable powers under Rule 60(b)(6).

### 4.    Conclusion

The Court finds that SAP has satisfied its burden of establishing the the final judgment of the Court should be set aside under Rule 60(b)(2) by presenting newly discovered evidence that is material and likely would have produced a different result if before the Court at the time the final judgment and related orders were entered. Having concluded that the final judgment should be set aside and case reopened, the Court now turns to SAP's request to join these new parties to this action.

F.      **Federal Rules of Civil Procedure 19 and 20—Joinder of Parties**

1.      **Parties with an ownership interest in InvestPic**

SAP requests that a number of new parties be added to this case under both Rule 19 and Rule 20 because these parties all have an ownership interest in InvestPic. The parties with an ownership interest in InvestPic are: Regulus International Capital, LLC; ISPD, Inc.; The S.A.M. 2000 Irrevocable Trust; Dr. Samir Varma; the Estate of Lee Miller; and Clara Miller. Doc. No. 183, 17. SAP argues that these parties should be joined in this action because they: (1) created InvestPic without full funding; (2) operated InvestPic as a shell company; and (3) would be liable to SAP if it is able to pierce InvestPic's veil.

SAP asserts these parties must be joined pursuant to Rule 19 because SAP cannot get relief from InvestPic, the existing defendant, and SAP has a claim against each of these new parties and not joining them will leave SAP subject to a substantial risk of incurring multiple or inconsistent obligations. SAP also argues that joinder of these parties is proper under Rule 20 because SAP asserts joint, several, or alternative liability against these parties and there are questions of law and fact in common to the claims against all parties.

The Court finds that joinder of Regulus International Capital, LLC, ISPD, Inc., The S.A.M. 2000 Irrevocable Trust, Dr. Samir Varma, and the Estate of Lee Miller is proper and necessary under both Rule 19 and Rule 20. As for Rule 19, joinder is necessary because in the absence of joinder, SAP would be forced to take action against

these parties in another manner, which would possibly subject SAP to double, multiple, or inconsistent results. Without joinder of these parties with an ownership interest, SAP would not be able to seek complete relief. Joinder is also permissible under Rule 20. SAP seeks joint, several, or alternative liability against these parties as they all have an ownership interest in InvestPic and SAP intends to attempt to pierce InvestPic's corporate veil. The claims will involve overlapping questions of law and fact. Each of these parties has an ownership interest in InvestPic and allegedly had a hand in establishing and operating InvestPic as a judgment-proof company.

The Court does not find that Clara Miller is a proper party to be joined under either Rule 19 or Rule 20 based on SAP's allegations. While Clara Miller has an ownership interest in InvestPic, that ownership interest is derived only from her inheritance of Lee Miller's interest in InvestPic. SAP fails to show that Clara Miller was involved in the funding and operation of InvestPic. Instead, it was Lee Miller, her late husband, who was a principal of InvestPic and who was involved in the funding and operation of InvestPic. Any claim against Lee Miller is now a claim against his estate since he is deceased, and the Court found that the Estate of Mr. Lee Miller is a necessary and proper party. Clara Miller is not a proper or necessary party to this action and, therefore, the Court will not join her.

### 2.   Parties responsible for making this case exceptional— Dr. Samir Varma, the Estate of Mr. Lee Miller, and Shore Chan De Pumpo LLP

SAP also asserts that certain parties should be joined as parties in this case because they had a hand in or directed the actions that led to this case being found an exceptional case. A non-party who was responsible for making a case exceptional under § 285 may be joined to a patent infringement action with appropriate due process, and may also be held liable for attorney fees under § 285. *Iris Connex*, 235 F.Supp.3d at 845-46; *see Ohio Cellular Prods.*, 175 F.3d at 1349. SAP argues that these parties are necessary and proper because they should be held liable for the attorneys' fee award under § 285 in this case. These parties are Dr. Samir Varma, the Estate of Mr. Lee Miller, and Shore Chan De Pumpo LLP. SAP asserts that each of these parties are necessary because they were active participants in the conduct at issue. Dr. Samir Varma and Lee Miller were the principal individuals responsible for operating InvestPic and making the litigation decisions in this case that caused it to be exceptional. Shore Chan De Pumpo LLP is the law firm of the attorneys representing InvestPic in this matter, and SAP alleges that these attorneys also had a hand in and participated in the activities that made this case exceptional.

The Court has already concluded that Dr. Samir Varma and Lee Miller, through the Estate of Mr. Lee Miller, are proper and necessary parties under Rule 19 and Rule 20 due to their ownership interest in InvestPic. The Court also finds that they, along with Shore Chan De Pumpo LLP, are proper and necessary parties under Rule 19 and

Rule 20 based on their alleged actions causing this case to be exceptional. SAP's asserted claim is that each of these parties should be held liable for attorneys' fees under § 285. Without joinder of these parties, SAP is unable to seek full relief from InvestPic. Joinder of a party who is an active participant in the alleged wrong-doing is proper and necessary under Rule 19. *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985). In addition, joinder under Rule 20 is also proper because the claims against each of these parties asserts liability jointly, severally, or in the alternative with respect to or arising out of the same transactions, occurrence, or series of transactions or occurrences and have overlapping questions of both law and fact.

### 3.  Due Process

The Court acknowledges InvestPic's due process concerns raised in relation to allowing SAP to add new parties to this case. InvestPic appears to interpret SAP's Motion as requesting the Court to simultaneously join these new parties to the litigation and to hold them liable for the final judgment and attorneys' fee award. The Court agrees with InvestPic that this would be a violation of the due process rights of the new parties because they would not be allowed an opportunity to defend the claims made against them. However, the Court does not interpret SAP's request to include also assessing liability against the new parties without first providing them fair notice and an opportunity to defend the claims against them, and does not grant such relief herein. The Court interprets the requested relief to join these parties as defendants to this case, to properly allege claims against them, and, after proper notice, to have the

opportunity to prove those claims. The Court does not find this action would violate the new parties' due process rights.

### 4.   Conclusion

For the foregoing reasons, the Court finds that joinder of the following parties is required under Rule 19 or permissive under Rule 20: Regulus International Capital, LLC, ISPD, Inc., The S.A.M. 2000 Irrevocable Trust, Dr. Samir Varma, the Estate of Mr. Lee Miller, and Shore Chan De Pumpo LLP.  The Court **grants** the motion to join these parties as defendants. The Court does not find Clara Miller to be a proper or necessary party to this action and, therefore, **denies** the motion to join her.

## IV.   Conclusion

The Court **GRANTS in part and DENIES in part** the Motion. SAP has shown that newly discovered material evidence warrants setting aside the Court's judgment in this matter under Rule 60(b)(2). The Court hereby **ORDERS** that the final judgment in this matter is set aside and this case is reopened.

SAP has also shown that certain parties are both necessary and proper parties to this case under Rule 19 and Rule 20. Therefore, the Court **GRANTS** the Motion and **joins** the following parties as defendants: Regulus International Capital, LLC; ISPD, Inc.; The S.A.M. 2000 Irrevocable Trust; Dr. Samir Varma; the Estate of Mr. Lee Miller, and Shore Chan De Pumpo LLP. The Court **GRANTS** SAP leave to amend its pleadings in this matter to add these new parties and to set forth its allegations and

claims as to each of these parties. **SAP shall file its amended pleading within 21 days from the date this Memorandum Opinion and Order is entered.**

The Court **DENIES** SAP's Motion as to joining Clara Miller as a party to this matter. The Court **DENIES** all other relief not expressly granted herein.

**SO ORDERED.**

Signed March 23rd, 2021.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE