IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No.3:16-CV-02689-K |
| | § | |
| | § | |
| INVESTPIC, LLC, SHORE CHAN | § | |
| DE PUMPO, LLP, REGULUS | § | |
| INTERNATIONAL CAPITAL CORP., | § | |
| ISPD, INC., THE S.A.M. 2000 | § | |
| IRREVOCABLE TRUST, DR. SAMIR | § | |
| VARMA, and THE ESTATE OF | § | |
| MR. LEE MILLER, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendant InvestPic, LLC's Unopposed Motion to Withdraw ("Motion") filed by Michael W. Shore and Alfonso Garcia Chan of Shore Chan LLP ("Shore Chan"). (Doc. No. 257). The Motion contains a "Certificate Pursuant to Local Civil Rule 83.12" in which Clara Miller, as Manager of InvestPic, LLC ("InvestPic"), certifies that InvestPic approves the withdrawal of Shore Chan in this matter. Mot. at 3. In the Motion, Shore Chan asserts that "recent circumstances have created a conflict of interest between Shore Chan and InvestPic under Texas

Disciplinary Rule of Professional Conduct 1.06." This is the sole reason identified for the withdrawal and the Motion does not name replacement counsel.

Under well-established case law, corporations are not permitted to proceed *pro se*. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). This rule applies to limited liability companies. The Court **orders** InvestPic **to** retain new counsel <u>and</u> to cause new counsel to enter an appearance on its behalf **no later than September 3, 2021**. The Court will defer ruling on the Motion at this time.

**SO ORDERED.**

Signed August 17th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 2