IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:16-CV-02689-K |
| INVESTPIC, LLC; | § | |
| SHORE CHAN DE PUMPO, LLP; | § | |
| REGULUS INTERNATIONAL | § | |
| CAPITAL CORP; ISPD, INC.; THE | § | |
| S.A.M. 2000 IRREVOCABLE TRUST; | § | |
| DR. SAMIR VARMA; and THE | § | |
| ESTATE OF MR. LEE MILLER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant InvestPic, LLC's Motion to Dismiss Counterclaims (the "Motion") (Doc. No. 204). The Court has carefully considered the Motion, the response, the reply, any relevant supporting documentation, and the applicable law. Because dismissing Defendant InvestPic, LLC's counterclaims would legally prejudice Plaintiff SAP America, Inc. and conflict with the established law of the case, the Court **DENIES** the Motion. The Court also **DENIES** SAP's request for an award of attorneys' fees as a sanction.

### I.     Procedural Background

The Court recites only the procedural background as it relevant for purposes of determining this Motion. The Court has already found the patent at issue in this case

- 1 -

to be invalid because it does not claim patent eligible subject matter. *See* Mem. Op. & Order (Doc. No. 78). The Court also issued a take nothing judgment against Defendant InvestPic, LLC ("InvestPic") and dismissed its counterclaims in this matter because Plaintiff SAP America, Inc. ("SAP") cannot infringe an invalid patent. *See* Final J. (Doc. No. 79). The Court later found this case to be exceptional and awarded attorneys' fees to SAP. *See* Am. Mem. Op. & Order (Doc. No. 128); Mem. Op. & Order (Doc. No. 164). InvestPic appealed both the order invalidating the patent and the order finding the case exceptional. The Federal Circuit affirmed both orders. *See* Modified Op. (Doc. No. 139); J. (Doc. No. 178). Most recently, the Court granted SAP's Rule 60(b) motion, set aside the prior final judgment of the Court, and reopened this case. (Doc. No. 196). The purpose of doing this was to provide SAP with the opportunity to recover the award for attorneys' fees from other entities and individuals because InvestPic does not have assets to pay that judgment. *Id.*

## II. Applicable Law

A party's ability to voluntarily dismiss its own claims is governed by Federal Rule of Civil Procedure 41. A party may dismiss its claims without court approval only if a notice of dismissal is filed before the opposing party serves an answer or a motion for summary judgment or by consent of all parties that have appeared. FED. R. CIV. P. 41(a)(1). If the conditions of Rule 41(a)(1) are not met, then a party's action may be dismissed only by court order and on terms the court considers proper. FED. R. CIV. P. 41(a)(2). The denial of a motion for voluntary dismissal under Rule 41(a)(2) is within

the court's sound discretion and is reviewed under an abuse of discretion standard. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003). Leave to voluntarily dismiss a party's claims should be freely given when justice so requires. *Id.* If dismissing a party's claims results in legal prejudice to the non-movant, the request should be denied. *Id* at 330. A request to dismiss a claim after significant litigation has occurred may constitute legal prejudice to the non-moving party. *Id*. A court should also refuse to dismiss a party's claims when the moving party seeks to circumvent an expected adverse ruling. *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988).

The law of the case doctrine provides that a decision on a legal or factual issue by an appellate court establishes the law of the case that must be followed in all subsequent proceedings in the same case. *Lyons v. Fisher*, 888 F.2d 1071, 1074 (5th Cir. 1989); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967).

**III.    Analysis**

In its Motion, InvestPic moves the Court for dismissal of InvestPic's counterclaims asserted in this matter. These counterclaims relate to InvestPic's assertion that SAP infringes the patent-in-suit in this matter. InvestPic contends that the Court's order reopening this case set aside the Court's former rulings regarding InvestPic's counterclaims for direct, induced, and willful infringement. Mot. (Doc. No. 204) at 1. Based on this understanding, InvestPic argues that its counterclaims are once again live claims in this matter. InvestPic states that it seeks dismissal of these claims

in order to remove any doubt whether the invalidity of the patent-in-suit needs to be decided again after the Court's order reopening the case. Reply (Doc. No. 215) at 3. In addition to requesting that its counterclaims be dismissed, InvestPic also provided to SAP a covenant not to sue SAP or any of its affiliates for infringement of the patent-in-suit.

SAP responds that the Court should not permit dismissal of InvestPic's counterclaims because it would be highly prejudicial to SAP at this point in the litigation. SAP asserts that, after more than four years of litigation, dismissal of InvestPic's counterclaims would negate all of the time and effort SAP put into this litigation. SAP also points out that this time and effort resulted in SAP's success on the merits in this matter, such as obtaining a decision that the patent-in-suit is invalid, that the case is exceptional, and an award of attorney's fees in favor of SAP is justified, as well as an affirmation of the Court's orders by the Federal Circuit. SAP also contends that InvestPic seeks dismissal of its counterclaims so to allow it to circumvent these adverse rulings. Moreover, as SAP argues, dismissing the counterclaims would also likely violate the "law of the case" doctrine calling into question whether the order invalidating the patent-in-suit, which was affirmed by the Federal Circuit, is still effective invalidation of the patent-in-suit. As a final matter, SAP seeks an award of attorneys' fees related to this Motion as a sanction for the unreasonable arguments InvestPic makes in the Motion as well as anticipated "unreasonable litigation positions" that may be taken. Resp. (Doc. No. 212) at 6-7.

### A. Motion to Dismiss

The Court finds that allowing InvestPic to dismiss its counterclaims at this point in the litigation would result in legal prejudice to SAP. This action was premised on the assertion that SAP infringed the patent-in-suit. SAP spent over four years litigating this matter during which time SAP obtained rulings from this Court in its favor that invalidated the patent in suit and found the case exceptional based on InvestPic's unreasonable interpretation of the patent in suit. During this time, SAP also twice successfully defended InvestPic's appeals of this Court's Memorandum Opinions and Orders with the Federal Circuit affirming both of this Court's Memorandum Opinions and Orders. Allowing InvestPic to now dismiss the assertions that SAP infringed its patent would be highly prejudice SAP. *See Dow Chem.*, 343 F.3d at 329.

The Court further finds that allowing InvestPic to dismiss its counterclaims would give InvestPic an opening to assert that the patent-in-suit is no longer invalid, thereby providing InvestPic an opportunity to avoid the adverse effects of this Court's and the Federal Circuit's rulings to the contrary. The Court acknowledges InvestPic's statement that it does not intend to do this and that it merely seeks clarification of the issues that are currently before the Court. But this statement does not change the fact that allowing InvestPic to dismiss its counterclaims would nevertheless raise concerns about whether the Court's prior order invalidating the patent is still effective. This is a further basis for denying InvestPic's request to dismiss its counterclaims. *Radiant Tech.*, 122 F.R.D. at 203.

The Court also finds that allowing InvestPic to dismiss its counterclaims would violate the "law of the case" doctrine by calling into question whether the patent-in-suit is now valid and enforceable contrary to the Federal Circuit's holding that it is not. Once a legal or factual issue is decided by an appellate court, that issue becomes the "law of the case" and must be followed in all subsequent proceedings in that matter. *Lyons*, 888 F.2d at 1074; *accord White*, 377 F.2d at 431-32. The "law of the case" in this matter is that the patent-in-suit is invalid and the case is exceptional because the Federal Circuit has decided both of these issues.

### B.      Request for Attorneys' Fees

The Court now turns to SAP's request for attorneys' fees against InvestPic's counsel Shore Chan De Pumpo, LLP ("Shore Chan") as a sanction for filing this Motion to Dismiss. SAP asserts that the Motion to Dismiss is part of a scheme being executed by Shore Chan to revive the patent-in-suit and to raise jurisdictional questions regarding this matter. InvestPic responds that its intent in filing the motion is to clarify which issues are live issues in this matter at this point. InvestPic further acknowledges that "it is well-established that this Court retains ancillary enforcement jurisdiction" over issues such as fees, costs, contempt, and sanctions and that SAP's recovery of fees under 35 U.S.C. § 285 and its efforts related thereto are subject to this Court's ancillary jurisdiction. Reply at 5. Considering InvestPic's asserted intention behind filing its Motion and acknowledgement of the Court's continued jurisdiction, the Court finds that the filing of the Motion does not rise to the of level conduct that is sanctionable.

## IV. Conclusion

The Court **DENIES** InvestPic's Motion to Dismiss because dismissing the counterclaims would legally prejudice SAP and conflict with the established law of the case. Moreover, the Court **DENIES** SAP's request for an award of attorneys' fees as a sanction against Shore Chan because the conduct complained of does not rise to the level of sanctionable conduct. All other requested relief not addressed in this Order is **DENIED**.

**SO ORDERED.**

Signed August 26th, 2021.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE